UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MOWERY YOUELL & GALEANO, LTD.,

    Plaintiff/
    Counter-Claim Defendant,

v.

    Case No.: 2:18-cv-503
    JUDGE SMITH
    Magistrate Judge Vascura

MERRILEE STEWART,

    Defendant/
    Counter-Claim Plaintiff/
    Third-Party Plaintiff,

v.

MURPHY PETTY LTD.
f/k/a MURPHY LAW OFFICE, LLC,

    Third-Party Defendant.

## OPINION AND ORDER

On August 15, 2018, this Court ordered the parties to brief the issue of whether this Court has subject matter jurisdiction over this action (Doc. 22). Plaintiff/Counter-Claim Defendant Mowery, Youell & Galeano, Ltd. ("MYG") filed its brief on August 28, 2018 (Doc. 23). The following day, Third-Party Defendant Murphy Petty Ltd. f/k/a Murphy Law Office ("Murphy") filed a one-sentence brief concurring with—and relying on—the positions stated by MYG (Doc. 24). On September 4, 2018, Defendant/Counter-Claim Plaintiff/Third-Party Plaintiff Merrilee Stewart ("Stewart") filed her brief (Doc. 25). Accordingly, this issue is fully briefed and ripe for disposition. For the following reasons, this Court has determined that it does not have subject matter jurisdiction, and accordingly, this action is **REMANDED**.

## I. BACKGROUND

This matter commenced on March 7, 2018, in the Franklin County Court of Common Pleas with the filing of MYG's Complaint against Stewart for the non-payment of attorneys' fees. Stewart filed her Counterclaim and Third-Party Complaint on May 16, 2018. On May 22, 2018, Stewart filed her Notice of Removal (Doc. 1) with this Court, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. As noted above, MYG's Complaint sought relief for non-payment of legal services it performed on behalf of Stewart but did not receive compensation for. (Doc. 1, Not. of Rem. at 56). MYG's Complaint sought relief based solely on state law grounds. Stewart's Counterclaim against MYG alleged the following causes of action: 1) failure to report in violation of Ohio Revised Code § 2921.22(A); 2) breach of contract; 3) breach of covenant of good faith and fair dealing; 4) false light and unauthorized communication; 5) dishonesty toward a client; and 6) conspiracy. (*Id.* at 20–25). Stewart's Third-Party Complaint alleged the following causes of action against Murphy: 1) failure to report; 2) abuse of process; 3) breach of covenant of good faith and fair dealing; 4) third-party liability; 5) conspiracy; 6) comparative negligence; 7) discrimination and oppression; 8) retaliation; and 9) acting as an unlicensed person. (*Id.* at 40–49). Stewart removed this action to this Court on May 22, 2018, citing federal law questions within her counterclaim and third-party complaint, and specifically, 28 U.S.C. § 1331 as her basis for removal. (Doc. 1, Not. of Rem. at 4). On August 15, 2018, this Court ordered the parties to submit simultaneous briefs because it had reviewed the Complaint, "which asserts only a state-law claim for unpaid attorney fees, [and] it appears this Court may lack subject-matter jurisdiction over this action." (Doc. 22, Ord. at 1).

2

## II. DISCUSSION

As noted above, MYG's original, state-court Complaint sought a single state-law claim for the recovery of unpaid attorneys fees. Stewart's justification in removing the action to this Court is seemingly based on the federal claims alleged in her Counterclaim and Third-Party Complaint. In her Notice of Removal, Stewart argues that MYG and/or Murphy's conduct violated, *inter alia*, "federal laws of 18 U.S. Code § 4 – Misprision of felony and 18 U.S. Code § 3 – Accessory after the fact and in concert with other violated sections of 18 U.S. Code Chapter 73 – Obstruction of Justice, including retaliation;" the Sarbanes-Oxley Act; and the Dodd-Frank Act. (Doc. 1, Not. of Rem. at 3). Stewart further argues that various portions of this case deal with the Civil Rights Act, Fair Housing Act, Sherman Act, and Clayton Act. (*Id.* at 5).

"It is axiomatic that federal courts are courts of limited jurisdiction. It is the duty of a federal court, even upon its own initiative when jurisdiction is unquestioned by the parties, to ensure that it properly exercises jurisdiction over the subject matter presented to it." *Farm Credit Serv. of Mid Am. v. Rudy, Inc.*, No. C-3-93-271, 1995 WL 1622801, at *1 (S.D. Ohio Mar. 8, 1995) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "The existence of subject matter jurisdiction is a threshold issue." *Murphy v. JP Morgan Chase*, No. 3:11-CV-77, 2012 WL 832249, at *1 (S.D. Ohio Mar. 12, 2012) (citing *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

In *Holmes Group, Inc. v. Varnado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002), the Supreme Court held that a counterclaim alleging a federal claim does not create original jurisdiction "arising under" federal law in a case where the plaintiff's original complaint contained no federal claim. Under the well-pleaded complaint rule, federal jurisdiction is recognized "only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint."

*Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in *Holmes Group*)). Therefore, Stewart's counterclaim cannot serve as the basis for federal jurisdiction, even if the underlying claims are federal in nature.

Similarly, Stewart's Third-Party Complaint cannot serve as the basis for subject matter jurisdiction because Stewart's claims are not "joined" under § 1441(c)'s language or contemplated application. On this matter, the Sixth Circuit has reasoned:

> Accordingly, when § 1441(c) allows removal of certain claims that are "joined," the statute is most likely referring not to other claims brought by other parties, but to multiple claims brought by the same party.
>
> [. . .]
>
> Given the language of the statute and the rule that removal statutes are to be construed narrowly, we reject the view that "joined," as used in § 1441(c), should be interpreted broadly and conclude instead that it should be interpreted narrowly to apply only to claims joined by the plaintiff in the original state court action.

*First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 465 (6th Cir. 2002). Faced with a situation procedurally similar to the present, the Northern District of Ohio considered the Sixth Circuit's above reasoning and held:

> The Court recognizes that the Third Party Plaintiffs are also the original defendants in the this action. However, they did not remove this action based upon the Plaintiff's complaint and would have been barred from removing based upon any alleged federal claims in a counterclaim. If a third party defendant is barred from removing an action based on a third party complaint, a third party plaintiff should also be barred from removing an action based on the third party complaint.

*Lesure v. City of E. Cleveland*, No. 1:15 CV 1555, 2016 WL 438994, at *2 n.2 (N.D. Ohio Feb. 3, 2016).

### III. CONCLUSION

In sum, because MYG's Complaint is based solely on state law claims, and neither Stewart's Counterclaim or Third-Party Complaint may serve as the basis of this Court's subject matter jurisdiction, this action is hereby **REMANDED** to the Franklin County Court of Common Pleas.

The Clerk shall **REMOVE** Documents 12, 14[1], and 16 from the Court's pending motions list.

The Clerk shall remand this case and remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                                */s/ George C. Smith*
                                                **GEORGE C. SMITH, JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[1] Because this Court lacks subject matter jurisdiction over this action, the Court need not consider Stewart's Motion to Disqualify Counsel for Plaintiff/Counter-Claim Defendants MYG.